IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Laws, | ) No. CV 08-2143-PHX-EHC (ECV) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Dora Schriro, et al., | ) |
| Respondents. | ) |

TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Petitioner Darlene Laws has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Following a jury trial in Maricopa County Superior Court in 2002, Petitioner was convicted of possession of a narcotic drug, possession of marijuana and possession of drug paraphernalia. Doc. #1 at 1-2. The trial court sentenced Petitioner to eight years in prison for the narcotics offense and three years each for the other two offenses. Id.

After filing a direct appeal and a petition for post-conviction relief in state court, Petitioner filed a Petition for Writ of Habeas Corpus in this court on December 14, 2005. Doc. #1 of CV 05-4102-PHX-ECV. That petition challenged the same underlying Arizona convictions as the instant petition. Id. The petition was denied and the action was dismissed on July 24, 2006. Doc. #14-#15 of CV 05-4102-PHX-ECV. The Ninth Circuit subsequently

denied Petitioner's request for a certificate of appealability on November 24, 2006. Doc. #20 of CV 05-4102-PHX-ECV.

Petitioner filed the instant petition on November 19, 2008. Doc. #1. In lieu of an answer, Respondents filed a Motion to Dismiss Second or Successive Habeas Corpus Petition for Lack of Subject Matter Jurisdiction on January 12, 2009. Doc. #8. Petitioner then filed a Reply to the Respondents' Answer on February 2, 2009. Doc. #9.

**DISCUSSION**

Respondents contend in their motion to dismiss that because Petitioner has already filed a habeas petition in this court concerning the same state court case, she must seek permission from the Ninth Circuit Court of Appeals to file a successive petition. Respondents argue that Petitioner has not done so and therefore this court must dismiss the pending petition. In her reply, Petitioner contends that mistakes were made in the state court but she fails to refute any of Respondents' contentions regarding a successive habeas petition.

A habeas petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (*per curiam*), cert. denied, 538 U.S. 984 (2003). A claim presented in a successive habeas petition under § 2254 that was presented in a prior petition shall be dismissed. 28 U.S.C. § 2244(b)(1). A claim presented in a successive petition that was not presented in a prior petition shall be dismissed unless: (1) it relies on a new rule of constitutional law that is retroactive to cases on collateral review; or (2) the factual predicate of the claim could not have been discovered previously and the facts, if proven, would show that but for constitutional error no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). The dismissal of a habeas petition for state procedural default is a merits determination for purposes of the successive petition doctrine. Howard v. Lewis, 905 F.2d 1318, 1323 (9th Cir. 1990).

A "second or successive" § 2254 petition may be filed in the district court if a petitioner has first obtained an order from the court of appeals authorizing the district court

to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The court of appeals will not issue an order authorizing a successive petition unless the petition meets the requirements of 28 U.S.C. §§ 2244(b)(2). In the absence of proper authorization, this Court lacks jurisdiction over the merits of a "second or successive" petition. See Cooper, 274 F.3d at 1274.

Here, Petitioner's previous petition raised ten claims for relief. Nine of the claims were denied on procedural default grounds and the tenth was denied on the merits. Doc. #14 of CV 05-4102-PHX-ECV. In the instant petition, Petitioner raises four claims, some of which were raised in the previous petition and some that could have been raised. Petitioner does not argue that the claims satisfy the retroactive constitutional law or undiscoverable factual predicate exceptions in 28 U.S.C. § 2244(b)(2). Moreover, Petitioner has not presented an authorization order from the United States Court of Appeals for the Ninth Circuit to file a successive petition. Consequently, the court is without jurisdiction to consider the petition. The court will therefore recommend that the Petition and this action be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Motion to Dismiss Second or Successive Habeas Corpus Petition for Lack of Subject Matter Jurisdiction (Doc. #8) be **GRANTED**; and

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,

1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 13th day of August, 2009.

/s/ Edward C. Voss
Edward C. Voss
United States Magistrate Judge